IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUPREETH VENKATESH, et al., | § § § § | |
| Plaintiffs, | | |
| v. | § § § | Civil Action No. 3:23-cv-01236-M |
| US CITIZENSHIP AND IMMIGRATION SERVICES, et al., | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Supreeth and Mangala Jyothi Venkatesh bring Administrative Procedure Act ("APA") and Mandamus Act claims against U.S. Citizenship and Immigration Services ("USCIS"), the U.S. Department of State, and various officials ("Defendants"). They allege unreasonable delay in the adjudication of their immigration applications and request the Court to compel Defendants to adjudicate their applications and reserve green card numbers. ECF No. 1 ¶¶ 60, 64, 69, 75. Defendants move to dismiss and argue that the Court lacks jurisdiction over Plaintiffs' claims. ECF No. 9.

A lawfully present immigrant may request permanent resident status by filing an I–485 application with the USCIS. Under the Immigration and Nationality Act ("INA"), the Attorney General "may" adjust the alien's status "in his discretion and under such regulations as he may prescribe . . . ." 8 U.S.C. § 1255(a). The statute leaves to agency discretion a deadline or time frame to adjudicate applications. *Bian v. Clinton*, 605 F.3d 249, 253 (5th Cir. 2010), vacated on mootness grounds, No. 09-10568, 2010 WL 3633770 (5th Cir. Sept. 16, 2010). The INA also contains a jurisdiction-stripping provision, which provides:

1

> [n]otwithstanding any other provision of law (statutory or nonstatutory) . . . and [28 U.S.C.] sections 1361 [the Mandamus Act] and 1651 . . . no court shall have jurisdiction to review—
>
> > (i) any judgment regarding the granting of relief under section . . . 1255 [adjustment of status] . . . or
> >
> > (ii) *any other decision or action* of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security.
>
> *Id*. (quoting 8 U.S.C. § 1252(a)(2)(B)).

The jurisdiction-stripping provisions' express reference to the Mandamus Act "is dispositive of the issue" of whether this Court has jurisdiction over Mandamus Act claims such as Plaintiffs'. *Bian*, 605 F.3d at 254. The APA claims fare no better because the APA provides for judicial review "only where a plaintiff asserts that an agency failed to take a discrete agency action that it is *required to take*." *Id*. at 255 (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64–65 (2004) (emphasis in original)). Moreover, the APA does not apply where other "statutes preclude judicial review" or "agency action is committed to agency discretion by law," as is the case here. *Id*. (quoting 5 U.S.C. § 701(a)(1)-(2)).

The Court lacks jurisdiction to consider Plaintiffs' claims, "as Congress has expressly precluded judicial review of the USCIS's pace of adjudication when the agency acts within its discretion and pursuant to the regulations that the agency deems necessary for carrying out its statutory grant of authority." *Id*. at 255. This determination does not mean that the question of whether USCIS took action within a reasonable time may not be properly presented in another case. *Li v. Jaddou*, No. 22-50756, 2023 WL 3431237 (5th Cir. May 12, 2023) (per curiam). The Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 9) and **DISMISSES** this action **WITHOUT PREJUDICE**, with all costs taxed to the party incurring same.

    **SO ORDERED**.

December 7, 2023.

_____
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE